# In the United States Court of Federal Claims

No. 18-1975C

(Filed: April 29, 2019)

**(NOT TO BE PUBLISHED)**

```
*************************************  )
                                       )
FRANCISCO MONTES, JR.,                 )
                                       )
                       Plaintiff,      )
                                       )
        v.                             )
                                       )
UNITED STATES,                         )
                                       )
                       Defendant.      )
                                       )
*************************************
```

Francisco Montes, Jr., *pro se*, Washington, D.C.

Sonia W. Murphy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court in this action is the United States' (the "government's") motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 9. Because this court lacks subject-matter jurisdiction over Mr. Montes' complaint, the government's motion to dismiss the complaint is GRANTED.

## BACKGROUND

Mr. Montes filed his complaint with this court on December 20, 2018. *See* Compl., ECF No. 1. Along with the complaint, Mr. Montes also filed a motion for leave to proceed in forma pauperis, ECF No. 4, which the court granted on February 22, 2019, ECF No. 5. The government, due to the lapse in appropriations to the Department of Justice, did not make an appearance until February 25, 2019, ECF No. 6. And due to that lapse, the court permitted the government to file its response to Mr. Montes' complaint out of time, which the government did

on March 1, 2019, moving to dismiss for lack of subject-matter jurisdiction. *See generally* Def.'s Mot. Mr. Montes did not file a response to the government's motion to dismiss but did file a notice of change of address on April 3, 2019. *See* Notice of Change of Address, ECF No. 10.

Mr. Montes' complaint relates to criminal matters.[1] The complaint states that "[o]n November 18, 2015, the United States committed to a [u]njust [c]onviction and [i]mprisonment. By that commitment, the United States failed to provide service in order to give award to the individual that can be responsible for his own surety[,] where they have fallen in a code where the[y] failed to award subsidy to above named individual." Compl. at 2.[2] As the basis for the court's jurisdiction, Mr. Montes lists several of the codes provided in the court's cover sheet, including "(515) Unjust Conviction and Imprisonment," "(102) Contract – Fail to Award," "(128) Contract – Subsidy," and "(110) Contract – Repair," among others. Compl. Attach. 2 at 1.

As support for his claim, Mr. Montes attaches two documents detailing his incarceration in two different jurisdictions. In these exhibits, Mr. Montes alleges an unspecified "violation of the titles to the United States Code and the United States Code Annotated," Compl. Attach. 1 at 4, and "[v]iolation of the Due [P]rocess [Clause of the Fifth Amendment]," Compl. Attach. 1 at 9. One of the two exhibits in the attachment provides some clarification of Mr. Montes' allegations. That exhibit details Mr. Montes' period of imprisonment from December 5, 2011 to June 20, 2018 at a state prison in Kansas for making multiple "false Medicaid claim[s]" and for a "[c]riminal [t]hreat" that seemingly occurred during his time in prison and resulted in additional time being added to his original sentence. Compl. Attach. 1 at 6-7.[3]

The core of Mr. Montes' claim, then, appears to arise from the "criminal threat" conviction and sentence Mr. Montes received while incarcerated at a state penitentiary in Kansas. *See* Compl. Attach. 1 at 4, 5-7; *see also* Compl. at 2. It is thus reasonable to assume (as

---

[1]On page 2 of the complaint, Mr. Montes checked the box to indicate that the present case is directly related to another pending or previously filed case with the court, listing 2018-5314. Compl. at 2. His exhibits contain a caption referring to "USCA case No. 18-5314." *E.g.*, Compl. Attach. 1 at 1. This citation appears to refer to a civil tort case brought by him against 113 private entities in the District Court for the District of Columbia, which was dismissed for lack of subject-matter jurisdiction on October 22, 2018. *See Montes v. Roc-A-Fella*, No. 18-5314, 2019 WL 1752607 (D.C. Cir. Mar. 29, 2019), *aff'g*, No. 1:18-CV-02081 (D.D.C. Oct. 22, 2018). This action appears unrelated to the current litigation.

[2]References to the complaint will refer to the page number assigned by the ECF system.

[3]The second exhibit addresses Mr. Montes' imprisonment history from 1996 to 2001 in Broward County, Florida. A Broward County print-out details Mr. Montes' various stints in a Florida state penitentiary for convictions such as "grand theft," along with burglary, escape, and other crimes. *See* Compl. Attach. 1 at 10-11. It appears unrelated to the current litigation.

the government does) that Mr. Montes is primarily alleging a claim of unjust conviction, pursuant to 28 U.S.C. § 1495, stemming from his imprisonment for the "criminal threat." *See* Compl. Attach. 1 at 4, 5-7; *see also* Def.'s Mot. at 1-3. The court will analyze Mr. Montes' complaint with that focus.

## STANDARDS FOR DECISION

### *Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This six-year statute of limitations is jurisdictional. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008).

Mr. Montes, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

As a preliminary matter, Mr. Montes fails to provide in his complaint "a short and plain statement of the grounds for the court's jurisdiction," RCFC 8(a), either based on the Tucker Act or otherwise, *see Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018). Although Mr. Montes cites a variety of the causes of action listed on the court's civil

cover sheet,[4] none of them appear relevant to the factual allegations in the complaint beyond his claim for unjust conviction. Each of these causes of action could, if factually supported, confer jurisdiction to this court, but Mr. Montes does not provide any such factual predicates for a viable claim. *See* Compl. at 1.

## Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

The government contends that Mr. Montes' complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. According to the government's motion, "Mr. Montes appears to assert 28 U.S.C. § 1495 as a basis for the [c]ourt's jurisdiction," Def.'s Mot. at 1, but "nothing included [in the complaint] establishes on its face that Mr. Montes' convictions have been reversed or set aside," *id.* at 3. Further, the government contends that "[t]he other grounds for jurisdiction identified by Mr. Montes . . . are lifted directly from the [c]ourt's cover sheet form and are rooted in contract. . . . [But because no contract is alleged], this [c]ourt lacks jurisdiction to consider [these claims]." *Id.* at 3. Finally, as for Mr. Montes' due process claim, the government argues that "the Federal Circuit has long held that 'this court does not have jurisdiction to adjudicate claims arising under the due process clause of the Fifth Amendment . . . because they are not money-mandating.'" *Id.* (quoting *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (other citations omitted)).

Regarding the unjust conviction claim, a plaintiff must provide "evidentiary proof . . . limited to either a certificate of the court in which the conviction occurred or a pardon containing the required factual recitations. No other evidence shall be received by this court." *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002) (citing 28 U.S.C. § 2513(b) and *Hadley v. United States*, 106 Ct. Cl. 819, 820 (1946)). Here, Mr. Montes has not provided a certificate from the convicting court, nor has he provided evidence of a pardon that would contain the required "factual recitations." *Humphrey*, 52 Fed. Cl. at 596. Although the documentary materials attached to the complaint do demonstrate that Mr. Montes was imprisoned from November 18, 2015, until June 20, 2018, nothing in the complaint provides evidence that this conviction was overturned or adjudicated to be unjust in any manner. The court therefore lacks jurisdiction to hear his claim. *See id.* (finding that the Court of Federal Claims lacked jurisdiction over a claim for unjust conviction when the plaintiff failed to provide adequate evidence that the pertinent conviction was overturned).

Additionally, this court may only hear claims against the United States. Although the caption on Mr. Montes' complaint shows the United States as the defendant, *see* Compl. at 1-2, the genesis of Mr. Montes' complaint appears to be for a conviction for "criminal threats" made during his incarceration at a Kansas state penitentiary, *see* Compl. Attach. 1 at 6-8. But this claim would arise against the various institutions of the State of Kansas, not the United States. The court has no jurisdiction over any allegations against these parties and consequently cannot

---

[4]Mostly, as the government notes, the codes are lifted from the cover sheet of the complaint.

hear claims against them. *See, e.g.*, 28 U.S.C. § 1491(a); *United States v. Sherwood*, 312 U.S. 584, 587-88 (1941) ("[I]t has been uniformly held, upon a review of the statutes creating the court and defining its authority, that its jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted); *see also New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1079 (Fed. Cir. 1989) (no jurisdiction over tort claims); *Brown v. United States*, 88 Fed. Cl. 322, 328 (2009) (no jurisdiction over criminal matters) (citing *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)); *McCullough v. United States*, 76 Fed. Cl. 2, 4 (2006)).

Mr. Montes also alleges a violation of the Due Process Clause of the Fifth Amendment. Compl. Attach. 1 at 9. This court, however, only has jurisdiction over constitutional violations when the Constitution requires payment of monetary compensation. *See* 28 U.S.C. § 1491(a); *see also Mitchell*, 463 U.S. at 216 ("Not every claim invoking the Constitution . . . is cognizable under the Tucker Act. The claim must be one for money damages against the United States."); *Jan's Helicopter Serv.*, 525 F.3d at 1308 (quoting *Greenlee Cty*, 487 F.3d at 876). Although the Due Process Clause of the Fifth Amendment applies to the federal government, it is not money-mandating and thus does not implicate this court's jurisdiction. *See Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997).

The court therefore determines that Mr. Montes has failed to carry his burden of establishing this court's jurisdiction over his claims by a preponderance of the evidence.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Montes' complaint is GRANTED. Mr. Montes' complaint shall be DISMISSED. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge